UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE HARRIS,

        Plaintiff,                        Case Number: 11-14741

v.                                            HON. AVERN COHN

D. HEYN, et al.,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

I.

This is a <u>pro se</u> prisoner civil rights case. Plaintiff, an inmate in the custody of the Michigan Department of Corrections, asserts claims under 42 U.S.C. § 1983 for violation of his rights under the Eighth and Fourteenth Amendments. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Plaintiff claims that his due process rights were violated by prison misconduct hearings and that his right to be free from cruel and unusual punishment was violated by defendants' deliberate indifference to his medical needs. He seeks injunctive relief and punitive damages. For the reasons that follow, the complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous and/or for failure to state a claim upon which relief may be granted.

II.

A district court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious,

fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, a district court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted).

III. Plaintiff raises seven claims for relief in his complaint. The first six challenge various aspects of a misconduct hearing which resulted in his being placed in segregation. While in segregation, he lacked access to prison recreational facility, vocational trade classes, the dining hall, prison-recommended jobs, and had to receive medication from a cart pushed around the facility by a nurse.

A prisoner's ability to challenge a prison misconduct conviction depends on whether the conviction implicated any liberty interest. In *Wolff v. McDonnell*, 418 U.S.

539 (1974), the Supreme Court prescribed certain minimal procedural safeguards that must be followed before depriving a prisoner of good-time credits on account of alleged misbehavior.  This decision did not create a right to due process that attaches to all prison disciplinary proceedings.  The right to due process arises only when the prisoner faces a loss of liberty.  The loss of good-time credits may implicate due process concerns where the good time credits create a right to a shorter sentence rather than are simply a factor considered by the parole board.

Plaintiff does not allege the loss of good-time credits, nor would such an allegation save Plaintiff's claims.  In Michigan, for prisoners, like Plaintiff, who were convicted after April 1, 1987, the loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence because the parole board retains discretion to grant or deny parole.  *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007).

However, even absent a due process interest in disciplinary credits, a prisoner may be able to raise a due-process challenge to prison misconduct convictions that result in a significant, atypical deprivation.  *See Sandin v. Connor*, 515 U.S. 472  (1995).  From the information contained in the complaint, it appears that Plaintiff was in segregation for approximately 44 days.  The Sixth Circuit has repeatedly found that confinement to segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir.1998) (two years of segregation while inmate was investigated for murder of prison guard in riot); *Rimmer-Bey*, 62 F.3d at 790-91 (inmate serving life sentence was placed in segregation after serving thirty days of detention for misconduct conviction of conspiracy to commit assault and battery); *Mackey*, 111 F.3d at 460 (one year of

3

segregation after inmate was found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding). Plaintiff has not identified any significant and atypical deprivation arising from his convictions. Because Plaintiff's misconduct conviction did not result in either an extension of the duration of his sentence or some other atypical hardship, his due-process claims fail. *See Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004).

Next, Plaintiff argues that his Eighth Amendment right to be free from cruel and unusual punishment was violated when a request for medical treatment was ignored. Plaintiff states that the major misconduct violation stemmed from an altercation with another prisoner. According to Plaintiff, when corrections officers restrained him, he was pushed to the ground and he began bleeding from inside his mouth. He requested to be taken to medical, but was not. He makes no further allegations regarding this injury.

"[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted). While there is no "static test" to determine whether the conditions of confinement violate the Eighth Amendment, prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's health or deprive an inmate of basic human needs, food, medical care or sanitation. *Id.* at 346–47. A deliberate indifference claim has both a subjective and objective component. *Barnett v. Luttrell,* 414 F. App'x 784, 787 (6th Cir. 2011). The objective component mandates a sufficiently serious medical need. *Id.* The subjective

4

component regards prison officials' state of mind. *Id.*

The physical injury required for a § 1983 claim need not be significant, but it must be more than *de minimis* for an Eighth Amendment claim to go forward. *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010). Minor cuts are *de minimis* injuries. *Corsetti v. Tessmer*, 41 F. App'x 753, 755 (6th Cir. 2002). *See also Lockett v. Suardini,* 526 F.3d 866, 876 (6th Cir.2008) (minor cuts and bruises from an altercation do not support an Eighth Amendment claim). Plaintiff does not allege that the cut continued to bleed or required immediate attention. Therefore, he fails to state a viable Eighth Amendment claim.

IV.

For the reasons set forth above, Plaintiff's complaint lacks an arguable basis in law and fails to state a claim for which relief may be granted. Accordingly, Plaintiff's claims are summarily dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

SO ORDERED.


Dated: December 15, 2011         S/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Andre Harris, 534153, Saginaw Correctional Facility,  9625 Pierce Road, Freeland, MI 48623 on this date, December 15, 2011, by electronic and/or ordinary mail.

                                 S/Julie Owens
                                 Case Manager, (313) 234-5160