UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE HARRIS,

        Plaintiff,        Case Number: 11-14741

v.        HON. AVERN COHN

D. HEYN, et al.,

        Defendants.
_____/

**ORDER
DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(Doc. 15)
AND
DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (Doc. 14)**

I.

    This is a <u>pro se</u> prisoner civil rights case. Plaintiff, an inmate in the custody of the Michigan Department of Corrections, filed a complaint under 42 U.S.C. § 1983 claiming violation of his rights under the 8th and 14th Amendments. Plaintiff claimed that his due process rights were violated by prison misconduct hearings and that his right to be free from cruel and unusual punishment was violated by defendants' deliberate indifference to his medical needs. He sought injunctive relief and punitive damages. On December 15, 2011, the Court dismissed the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous and/or for failure to state a claim upon which relief may be granted. Doc. 10.

    Now before the Court is plaintiff's motion for leave to file an amended complaint and motion for appointment of counsel. For the reasons that follow, the motions are DENIED.

II.

As to the motion for leave to amend, it is well established that a prisoner who files a civil rights complaint "may not amend his complaint to avoid a sua sponte dismissal." Baxter v. Rose, 305 F.3d 486, 489 (6th Cir. 2002); McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir.1997). However, the court still has the discretion to liberally construe pro se complaints. See Grinter v. Knight, 532 F.3d 567, 577 (6th Cir.2008) (continuing to liberally construe pro se complaints from prisoners under Prison Litigation Reform Act).

The Court has reviewed the proposed amended complaint (Doc. 12) and finds nothing in the amended complaint which would change the Court's decision to summarily dismiss the case. The amended complaint contains essentially the same factual allegations as the original complaint. As explained in the dismissal order, plaintiffs' allegations do not state viable claims for relief under either the 14th or 8th Amendments. Simply stated, the amended complaint, liberally construed, also fails to state a claim and would not survive a summary dismissal.

Regarding the motion for appointment of counsel, given that the case has been dismissed and plaintiff is not entitled to amend the complaint, plaintiff is not entitled to the appointment of counsel.

SO ORDERED.


Dated:  January 30, 2012                   S/Avern Cohn
                                           AVERN COHN
                                           UNITED STATES DISTRICT JUDGE

11-14741 Harris v. D.Heyn, et al
Order Denying Plaintiff's Motion for Leave to File Amended Complaint and
Denying Plaintiff's Motion for Appointment of Counsel

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Andre Harris, 534153, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623 and the attorneys of record on this date, January 30, 2012, by electronic and/or ordinary mail.

  S/Julie Owens
Case Manager, (313) 234-5160